IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN LENARDO LAW, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) No. CIV-05-882-F |
| JOE KEFFER, Warden,[1] | ) ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner currently in custody at the Federal Transfer Center in Oklahoma City, and appearing *pro se*, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined and for the reasons set forth herein, it is recommended that the petition be summarily dismissed upon filing.[2]

Background

Petitioner was convicted in the United States District Court for the Western District of Oklahoma, Case No. CR-99-68-T, pursuant to his plea of guilty to possession with intent to distribute cocaine base in 21 U.S.C. § 841(a)(1). On December 1, 1999, Petitioner received a 292-month sentence of imprisonment and a term of 5 years of

---

[1]Petitioner listed the United States of America as Respondent. The proper Respondent is the person having custody over Petitioner, 28 U.S.C. § 2242, which in this case is the warden of the Federal Transfer Center. Therefore, Warden Joe Keffer has been substituted as Respondent.

[2]Rule 4 may be applied in the Court's discretion to actions brought pursuant to Section 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

supervised release. Petition at 3. Petitioner appealed his conviction, and on February 5, 2001, the Tenth Circuit Court of Appeals dismissed his appeal and affirmed his conviction. *See United States v. Law*, Case No. 99-6453, 00-6019, 2001 WL 95806 (10th Cir. Feb. 5, 2001).[3] Petitioner states that he has not filed a motion pursuant to 28 U.S.C. § 2255 to vacate, correct or set aside his sentence. Petition at 2.

In this § 2241 petition, Petitioner states that the "government is violating my constitutional rights under *U.S. v. Wade*." Petition at 4. Petitioner provides the following facts in support of his claim:

> I cooperated with the government, by testif[y]ing on my co-defendant. And was told that a downward departure would be filed on my behalf. Because of my belief in the prosecutor of my case, saying that a downward departure would be filed. I let the time to file a 2255 motion expire, so that's why I am filing this 2241 motion. I believe that the government has acted in bad faith under the rule of law by the U.S. Supreme Court.

Petition at 4 (emphasis in original).

## Discussion

Although Petitioner filed this action as a §2241 petition for a writ of habeas corpus, the Court must decide whether Petitioner's action arises under § 2241 or § 2255. It is well settled that an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion filed pursuant to 28 U.S.C. § 2255 serve separate and distinct purposes. A petition under 28 U.S.C. § 2241 attacks the execution of a sentence and must be filed in the district where the prisoner is confined. *Bradshaw v. Story*, 86 F.3d 164,

---

[3] On direct appeal Petitioner challenged the district court's calculation of his criminal history points in determining his sentence under the United States Sentencing Guidelines (USSG). *United States v. Law*, 2001 WL 95806, at *1. The Tenth Circuit affirmed Petitioner's judgment, holding that the district court's calculation of his sentence was correct. *Id.* at *2.

2

166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id. See also McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997) (stating that proceedings under 28 U.S.C. §§ 2254 and 2255 "are used to collaterally attack the validity of a conviction and sentence[]"). A petition under § 2241 "is not an additional, alternative, or supplemental remedy" to a § 2255 proceeding. *Bradshaw*, 86 F.3d at 166 (citations omitted). Section 2255 provides in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

In this case, Petitioner filed this action in the district that imposed the sentence, and he alleges that the government failed to move for a downward departure for providing substantial assistance to authorities.[4] Thus, Petitioner has raised a claim that

---

[4] It appears Petitioner is relying on *United States v. Wade*, 504 U.S. 181 (1992), where the Supreme Court addressed the circumstances under which a district court, in the context of a defendant's criminal case, may review the government's refusal to file a substantial assistance motion in the context of both 18 U.S.C. § 3553(e) and USSG § 5K1.1. *Wade*, 504 U.S. at 184. The Court concluded that the federal statute and the Sentencing Guidelines give the government "a power, not a duty, to file a motion when a defendant has substantially assisted" and that the prosecutor's failure to file a discretionary motion for substantial assistance is reviewable only for an unconstitutional motive or the lack of a rational relationship to any legitimate governmental objective. *Id.* at 185-86. *See also United States v. Duncan*, 242 F.3d 940, 947 (10th Cir. 2001) ("[A] district court's authority to review the government's refusal to file a substantial assistance motion is limited to determining whether the decision was: (1) animated by an unconstitutional motive, or (2) not rationally related to a legitimate government end.").

The undersigned notes that the record in Petitioner's criminal case, specifically, the plea agreement filed May 25, 1999, does not contain any commitment between Petitioner and the government to file a substantial assistance motion if the government determined Petitioner had provided substantial assistance
(continued...)

3

directly challenges the validity of his sentence–a claim that falls squarely within the purview of § 2255. Petitioner can raise this claim in a § 2241 petition only if he satisfies the so-called "savings clause" in § 2255:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, *or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added). This exception is an extremely narrow one. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ("Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances.").[5] It is Petitioner's burden to show that the § 2255 remedy is inadequate or ineffective.

---

[4](...continued)
in the investigation or prosecution of another person who had committed an offense. *See United States V. Law*, Case No. CR-99-68, Doc. No. 22. In fact, the plea agreement states: "No agreement exists concerning a sentencing departure under the Sentencing Guidelines or concerning a reduction of sentence under Rule 35(b), Fed. R. Crim. P." *Id.* at 5.

[5] As the Tenth Circuit explained in *United States v. Apodaca*, No. 03-8017, 2004 WL 179493, at *1 n.8 (10th Cir. Jan. 30, 2004) (This and other unpublished Tenth Circuit decisions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3):
> Circumstances where courts have found or suggested the § 2255 remedy is inadequate or ineffective include instances where the sentencing court is abolished at the time petitioner seeks relief, *Spaulding v. Taylor*, 336 F.2d 192, 193 (10th Cir. 1964); where the sentencing court refuses to consider the petition or unreasonably delays its consideration, *Stirone v. Markley*, 345 F.2d 473, 475 (7th Cir.), *cert. denied*, 382 U.S. 829, 86 S.Ct. 67, 15 L.Ed.2d 73 (1965); where more than one court has sentenced the petitioner and no single court can accord complete relief, *Cohen v. United States*, 593 F.2d 766, 771 n. 12 (6th Cir. 1979); and where the gate keeping language of § 2255 bars retroactive application of a case that does not state a new rule of constitutional law, *Reyes-Requena v. United States*, 243 F.3d 893, 902 n. 20 (5th Cir. 2001) (allowing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on a showing of actual innocence).

Petitioner makes no attempt to show that the remedy under § 2255 is inadequate or ineffective with respect to his claim. In response to the question on the § 2241 form petition as to why his § 2255 remedy is inadequate or ineffective, Petitioner simply states: "I have never filed under Section 2255." Petition at 2. In this action, Petitioner essentially seeks to reduce his sentence, which is typical § 2255 relief. As previously stated, Petitioner claims that he failed to file his 28 U.S.C. § 2255 timely because he had been advised that the government would file a substantial assistance motion seeking a downward departure reduction in Petitioner's sentence. Petition at 4.

However, Petitioner's failure to timely file for relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective. *See Caravalho*, 177 F.3d at 1178 (holding that § 2255's substantive and procedural barriers do not render the § 2255 remedy inadequate or ineffective); *United States v. Keebler*, No. 02-4031, 2002 WL 31372573 (10th Cir. Oct. 22, 2002) (petitioner could not establish § 2255 remedy was inadequate or ineffective based on one-year limitation period; petitioner was "unable to successfully employ § 2255 because of his lack of diligence in pursuing his federal claims"); *Barron v. Fleming*, No. 01-6319, 2002 WL 244851, at *1 (10th Cir. Feb. 21, 2002) ("Merely because a § 2255 motion may be time barred does not render it inadequate or ineffective.").

In sum, the undersigned finds that Petitioner is attempting to challenge the validity of his conviction and sentence by a § 2241 action; however, he has failed to demonstrate the inadequacy or ineffectiveness of the § 2255 remedy, a prerequisite to a § 2241 action. Therefore, the undersigned finds that Petitioner is not entitled to habeas

relief pursuant to § 2241 as alleged. Accordingly, the undersigned recommends that the petition be dismissed without prejudice on filing. *See Gibson v. Fleming*, No. 01-6198, 2001 WL 1573669, at *2 (10th Cir. Dec. 11, 2001).

## RECOMMENDATION

For the reasons set forth above, it is recommended that the petition for writ of habeas corpus be dismissed without prejudice. Petitioner is advised of his right to object to this Report and Recommendation on or before the 30 day of August, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Any objections should be filed with the Clerk of this Court. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual findings and the legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Entered this 10 day of August, 2005.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE